UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOMINGO JUAN PASCUAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:10-CR-116-TAV-CCS |
| ) | 3:12-CV-30-TAV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

In 1993, Domingo Juan Pascual ("Petitioner"), the petitioner, a citizen of Guatemala, was deported from the United States after a crack cocaine conviction [Doc. 26 p. 4]. In 2002, after committing several crimes in the United States, Petitioner was deported again [*Id.*]. Eight years later, Petitioner was arrested in Knoxville, Tennessee, and charged with driving under the influence [*Id.* at 3]. On February 28, 2011, Petitioner pleaded guilty to reentering the United States without permission after having been twice denied admission, excluded, deported, and removed from the United States, in violation of 8 U.S.C. § 1326 [*Id.* at 1; Doc. 25].

In his plea agreement, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction and/or resulting sentence" [Doc. 26 p. 8]. However, Petitioner reserved his right to bring "claims of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] by the time of the entry of judgment" [*Id.*].

Petitioner was sentenced in July 2011, to forty-one months' imprisonment [Doc. 31]. In August 2013, Petitioner was released from prison into the custody of BICE. Petitioner was deported to Guatemala on September 2, 2013, as evidenced by Exhibit A to this memorandum and order. The Court takes judicial notice of the facts presented in Exhibit A, a verification of deportation status provided by Department of Homeland Security, Office of Detention and Removal Operations, and the United States Probation Office. Fed. R. Evid. 201.

Now before the Court is Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 32], filed prior to his release and deportation. The motion does not request any specific relief. However, the memorandum filed by Petitioner with the motion does ask for a "downward departure" [Doc. 32 p.19]. Petitioner alleges that: (1) counsel was ineffective by not requesting a downward departure based on fast-track programs available in other federal districts; (2) counsel was ineffective by not seeking a downward departure based on cultural assimilation; and (3) Petitioner is the victim of "sentence disparity" [*Id.* at 14–19].

The Court finds that Petitioner's Motion is **MOOT** and must be **DENIED AS MOOT**. Petitioner is seeking a reduction in sentence, specifically, a "downward departure." However, the Court finds that Petitioner was released from the custody of the Bureau of Prisons to a BICE detainer, and then deported to Guatemala in 2013. The requested relief, in fact, is unavailable to Petitioner.

The Court finds that because all of the claims presented in the motion [Doc. 32] are moot, and therefore lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the motion [Doc. 32].

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. In addition, a certificate of appealability **SHALL NOT ISSUE**. To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:10-cr-00116   Document 36   Filed 06/18/15   Page 3 of 4   PageID #: 138

# FAX TRANSMISSION

U.S. Probation Office
Howard H. Baker Jr. U.S. Courthouse
800 Market Street, Room 311
Knoxville, TN 37902
Phone: (865) 545-4001
Fax: (865) 545-4003

| To:    | DRO                                    | Date:  | September 4, 2013 |
|--------|----------------------------------------|--------|-------------------|
| Fax #: | (865) 539-6416                         | Pages: | 1                 |
| From:  | Scott A. Smith<br>U.S. Probation Officer |        |                   |
| Subject: | DEPORTATION STATUS                   |        |                   |

COMMENTS: Please send **verification of deportation status** of the following individual(s):

| Name:        | PASCUAL, Domingo Juan |
|--------------|-----------------------|
| BICE #:      | A071624141            |
| DOB:         | 07/10/1974            |
| Citizenship: |                       |
| Register #:  | 43070-074             |
| FBI #:       | 409067HB9             |

This individual was released on **08/16/2013** to a BICE detainer.

Please confirm Mr. Pascual's deportation status.

Thank you.

*[Handwritten:] Deported 9/2/2013 via Dallas, TX to Guatemala.*